IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 89, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-1755 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, and E&M ENTERPRISES, INC., | § § § § § | |
| Defendants. | § § | |

### ORDER DENYING DEFAULT JUDGMENT AGAINST E&M ENTERPRISES, INC.

The plaintiff, Harris County Water Control and Improvement District No. 89, sued E&M Enterprises, Inc. and Philadelphia Indemnity Insurance Company in state court after E&M failed to properly construct the District's administrative building. (Docket Entry No. 1-B). In March 2016, the District entered into a contract with E&M Enterprises to construct the District's administrative building and related facilities. (*Id.* at ¶ 8). The agreement required E&M to provide the District with a payment bond and a performance bond issued by a surety company. (*Id.* at ¶ 9). Philadelphia Indemnity issued both bonds, naming E&M as principal and the District as obligee. (*Id.* at ¶¶ 10, 12). The District alleges that E&M failed to progress construction and properly perform its contractual duties. (*Id.* at ¶ 14). In August 2018, the District terminated E&M for default. (*Id.* at ¶ 16).

The District asserted breach of contract and breach of warranty claims against E&M, and breach of contract and performance bond claims against Philadelphia Indemnity. (*Id.* at ¶¶ 25–26). While E&M consented to Philadelphia Indemnity's removal to federal court, it did not file

an answer or otherwise defend against the suit. This court entered default against E&M on July 12, 2019. (Docket Entry No. 14). The District now moves for default judgment. (Docket Entry No. 18). The motion is denied.

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence showing that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu*, 515 F.2d at 1206. "Generally, the entry of default judgment is committed to the discretion of the district

judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977)).

Default judgment is not appropriate at this time. The District has not submitted evidence showing that E&M has been properly served with the default judgment motion by certified mail as required by Local Rule 5.5.

Additionally, Philadelphia Indemnity argues that the court should not enter default judgment because, as E&M's surety, it has the right to assert all of E&M's defenses. (Docket Entry No. 19 at 1–2); *see Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 419 (Tex. 1995) ("Another significant distinction between sureties and an insurer is that sureties traditionally are entitled to rely upon all defenses available to their principal as to the debt owed to the bond obligee."). Philadelphia Indemnity cites the holding in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) that "when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted." *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010) (discussing *Frow*). Courts have extended this approach to "situations in which several defendants have closely related defenses." *Id.* (quoting 10A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2690 (4th ed. 2019)).

The Fifth Circuit has not clearly adopted the *Frow* approach,[1] but many district courts in this circuit have, in cases involving both joint and several liability and closely-related defenses. *See GFRS Equip. Leasing Fund II LLC v. Nguyen*, No. 3:18-CV-2250-L, 2019 WL 3530421, at *3 (N.D. Tex. Aug. 1, 2019); *Scottsdale Ins. Co. v. All Citizens Transp., LLC*, No. 4:19-CV-10-

---

[1] The Fifth Circuit distinguished *Frow* on its facts in *In re Grabanski*, 691 F. App'x 159, 163 (5th Cir. 2017).

ALM-KPJ, 2019 WL 3210368, at *3 (E.D. Tex. June 24, 2019), *report and recommendation adopted*, No. 4:19-CV-10, 2019 WL 3206054 (E.D. Tex. July 16, 2019); *Hamilton v. EnerSafe Inc.*, No. 5:15-CV-1003-DAE, 2018 WL 7822064, at *2 (W.D. Tex. Dec. 19, 2018); *Martinez v. Brownsville Doctors Hosp., LLC*, No. 1:12-167, 2013 WL 12174046, at *2 (S.D. Tex. Aug. 29, 2013). The Fifth Circuit has held that a default judgment is "incongruous" and "unfair" if used to "allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Lewis*, 236 F.3d at 768.

The District's claim against Philadelphia Indemnity arises from E&M's alleged breach of its agreement with the District. (Docket Entry No. 1-B at ¶ 26). Because Philadelphia Indemnity is a party, the risk of prejudice to Philadelphia Indemnity from a default judgment against E&M is lessened. But entering default judgment against E&M, when Philadelphia Indemnity may still raise arguments that E&M could have brought, runs the risk of creating two judgments with inconsistent findings. Philadelphia Indemnity may show that the District "has no cause of action[,] . . . [a] defense [that] generally inures . . . to the benefit of a defaulting defendant." *Lewis*, 236 F.3d at 768 (internal quotation omitted). If Philadelphia Indemnity does not present this defense, or if the court enters judgment consistent with entering the requested default judgment against E&M, that judgment may be entered against E&M at that time.

Because of the procedural issues and the potential for incongruous and inconsistent rulings, the District's motion for default judgment is denied at this time, without prejudice to reurging. (Docket Entry No. 18).

SIGNED on October 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge